UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ALLSTATE INSURANCE COMPANY,

                        Plaintiff,

- against -

BESSIE WILLIAMS, et al.,

                        Defendants.
-------------------------------------------------------X

MEMORANDUM
AND    ORDER

04 CV 4575 (CLP)

On October 25, 2004, plaintiff Allstate Insurance Company ("Allstate") filed this Declaratory Judgment action against Bessie Williams, its insured, and Anna Gordon on behalf of the infants Tiara Gordon, Christian Gordon, Fatimah Gordon, Tyquan Powell and Jermaine Powell (collectively, the "infants"), seeking a determination of rights and obligations under a series of insurance policies issued to Ms. Williams in connection with claims for damages asserted by the infants in five separate actions commenced in Supreme Court, Kings County. The infants had filed suit asserting that they had each suffered significant neuropsychological damages and other injuries as a consequence of their repeated and continuous exposure to lead-based paint in an apartment that they occupied from May 1988 through April 1994.

The parties have reported to the Court that in return for dismissal of the infants' claims, they have agreed to settle this action for certain specified amounts for each infant as detailed below. The settlement further provides for the payment of costs and attorneys' fees. With respect to two of the infants who are currently under the age of 18, the settlement provides for payment of an annuity once the infants reach the age of 18. Since Christian Gordon and Tiara Gordon are still legally considered to be infants, this settlement must be reviewed by the Court to

determine whether the amount of the settlement is fair, whether the distribution of the settlement proceeds will protect the interests of each infant, and whether the attorneys' fees sought are reasonable. See Local Civil Rule 83.2(a); N.Y. C.P.L.R. §§ 1205-1208; N.Y. Jud. Law § 474.

Pursuant to Local Rule 83.2(a) and in conformity with Section 1208 of the New York Civil Practice Law and Rules, this Court held a hearing on September 13, 2006 to determine the reasonableness and propriety of the proposed settlement of the infants' causes of action and to determine the reasonable fees and expenses incurred by the infants' attorney in prosecuting the underlying state court action on behalf of the infants. At the hearing, the infants' attorney appeared before the undersigned, along with counsel for Allstate, seeking a Court order authorizing the settlement of the above-captioned action. Ms. Gordon appeared by telephone with all of the infants. In support of the proposed settlement, the infants submitted affidavits from counsel, from Ms. Gordon, from Jermaine Powell, Tyquan Powell, Fatimah Gordon, and from Dr. David Dorfman on behalf of the infants. At the hearing, both Ms. Gordon and each of the infants, with the exception of Christian Gordon, who is now fourteen years of age, indicated that they understood and agreed to the terms of the proposed settlement.

For the reasons stated below, the Court finds that the settlement is fair and reasonable; that the provisions made for securing the funds of the two infants are appropriate and will adequately protect the infants' interests; and that the attorneys' fees as calculated in accordance with the formula described herein are also reasonable. Accordingly, the Court approves the proposed settlement.

## DISCUSSION

A. <u>Fairness of the Total Settlement Amounts</u>

There is no bright-line test for concluding that a particular settlement is fair. <u>See</u>, <u>e.g.</u>, <u>Newman v. Stein</u>, 464 F.2d 689, 692-93 (2d Cir.), <u>cert. denied</u>, 409 U.S. 1039 (1972). Rather, the court must determine whether the proposed settlement is "'fair, reasonable and adequate' by comparing 'the terms of the compromise with the likely rewards of litigation.'" <u>Neilson v. Colgate-Palmolive Co.</u>, 199 F.3d 642, 654 (2d Cir. 1999) (quoting <u>Maywalt v. Parker & Parsley Petroleum Co.</u>, 67 F.3d 1072, 1079 (2d Cir. 1995)). A strong presumption exists that a settlement is fair and reasonable where "(i) the settlement is not collusive but was reached after arm's length negotiation; (ii) the proponents have counsel experienced in similar cases; [and] (iii) there has been sufficient discovery to enable counsel to act intelligently . . . ." <u>Ross v. A.H. Robins Co.</u>, 700 F. Supp. 682, 683 (S.D.N.Y. 1988) (citing <u>Weinberger, et. al. v. Flow General, Inc.</u>, No. 82 CV 5238, 1984 WL 2437, at *1 (S.D.N.Y. 1984)). There is no indication or suggestion of collusion in this case.[1] To the contrary, having supervised discovery, the Court is confident that the infants and their counsel agreed to this settlement only after extensive arm's-length negotiations with Allstate. This Court finds that sufficient discovery was conducted to enable an intelligent analysis of the issues and the proposed settlement.

---

[1] The infants' counsel represents in his affirmations, in compliance with C.P.L.R. § 1208(b), that neither he nor his firm represents anyone besides the named infants who suffered a loss in the same occurrence, nor has he or anyone else in his firm become concerned in this settlement either directly or indirectly in a way that would conflict with the interests of his infant clients. He also represents that neither he or his firm received or will receive any compensation other than that applied for in connection with this settlement. (<u>See</u> Affirmation of Barry Sugarman, Esq. ¶ 13). This Court is satisfied that the infants' claims are not being sacrificed in any way and that counsel has represented his clients with only the clients' interests in mind.

In considering a proposed settlement, the following factors may also be relevant:

> (1) the complexity, expense and likely duration of the litigation;
> ... (3) the stage of the proceedings and the amount of discovery
> completed; (4) the risks of establishing liability; (5) the risks of
> establishing damages; ... (7) the ability of the defendants to
> withstand a greater judgment; (8) the range of reasonableness of
> the settlement fund in light of the best possible recovery; [and] (9)
> the range of reasonableness of the settlement fund to a possible
> recovery in light of all the attendant risks of litigation.

City of Detroit v. Grinnell Corp., 495 F.2d 448, 463 (2d Cir. 1974) (citations omitted). In applying these factors, a court should be mindful that it need "'not decide the merits of the case or resolve unsettled legal questions.'" In re McDonnell Douglas Equip. Leasing Sec. Litig., 838 F. Supp. 729, 739 (S.D.N.Y. 1993) (quoting Carson v. American Brands, Inc., 450 U.S. 79, 88 n.14 (1981)). Moreover, courts have held that under New York law, it should be presumed that the guardian or parent of the infant is acting in the best interests of the child and accordingly deference should be given to the guardian or parent's decision as to the fairness of the settlement. See Sabater v. Lead Industries Ass'n, Inc., No. 00 CV 8026, 2001 WL 1111505, at *3-4 (S.D.N.Y. Sept. 21, 2001); Stahl v. Rhee, 220 A.D.2d 39, 45, 643 N.Y.S.2d 148, 153 (2d Dep't 1996).

The circumstances leading to the settlement in this case are complex. The state court actions were commenced on behalf of Tiara, Fatimah, and Christian Gordon in 2000, and subsequently in 2002 actions were commenced on behalf of Jermaine and Tyquan Powell. Each of the infants alleged, in varying degrees, that the lead poisoning affected his or her intelligence quotient, ability to read and learn, as well as speech and language skills. The boys, and in particular, Christian, who was an infant during the period of exposure, seemed to have suffered

more severe consequences.

The parties conducted full discovery in the state court proceedings which involved not only an exchange of medical, school and health departure records but extensive expert discovery as well. Despite extensive settlement negotiations, the parties were unable to settle the claims due to Allstate's position that there was a $100,000 policy limit that covered all five of the infants.

Accordingly, the state court action proceeded to trial with a verdict rendered on March 3, 2004 that awarded a total of $4,250,000.00 in favor of the infants. The award was broken down as follows: Christian Gordon - $2.25 million; Tiara Gordon - $200,000; Fatimah Gordon - $300,000; Tyquan Powell - $600,000; and Jermaine Powell - $900,000.

Following the verdict, Ms. Williams filed an appeal from the jurys' verdicts in each case and Allstate commenced this declaratory judgment action seeking to have the court issue a declaration as to the limit of Ms. Williams' insurance policy. The infants filed counterclaims against Allstate for coverage declarations. Discovery was then conducted under the supervision of this Court and after extensive settlement discussion, the parties agreed to resolve this declaratory judgment action and the underlying state proceedings. In exchange for dismissal of the appeal and the execution of releases, among other things, Allstate agrees to pay each of the infants 45.88% of their respective verdicts, as follows: (1) Christian Gordon will receive $1,032,400, of which $360,810.55 is to be paid to counsel for fees and disbursements;[2] (2) Tiara

---

[2]Counsel has calculated fees and disbursements by deducting expenses from the total settlement amount and taking one-third of the remainder as a fee. See, e.g., N.Y. Jud. Law § 474(a)(3) (addressing the fact that attorney's fees should be computed after expenses have been deducted and providing that "such percentages shall be computed on the net sum recovered after deducting from the amount recovered expenses and disbursements for expert testimony and

Gordon will receive $91,760,00 of which $36,374.80 is to be paid as fees and disbursements; (3) Fatimah Gordon will receive $137,640, of which $53,354.27 is to be paid as fees and disbursements; (4) Tyquan Powell will receive $275,280, of which $101,005.57 is to be paid to counsel for fees and disbursements; and (5) Jermaine Powell will receive $412,920, of which $145,395.41 is to be paid to counsel for fees and disbursements.

Counsel, who is familiar with both the underlying state action and the issues raised by Allstate's Declaratory Judgement action has recommended the settlement to his clients noting the uncertainties and risks of an appeal where there is a possibility that the appellate court could reduce the awards based on certain evidentiary issues raised on appeal and based on awards in other lead paint cases. Moreover, even if there was no reduction, counsel recognizes the potential in this action for a coverage declaration that would provide less for the infants than is being offered in the settlement.

Based on the affidavit of Ms. Gordon and the responses of Ms. Gordon and each of the infants to questions asked during the hearing on September 13, 2006, the Court is satisfied that Ms. Gordon and each infant understands the proposed settlement as it pertains to him or her, that the risks and benefits of proceeding with litigation have been explained to them, and that they have determined that the settlements as proposed are fair and reasonable under the totality of the circumstances.

This Court has carefully considered the extensive submissions of the parties and

---

investigative or other services properly chargeable to the enforcement of the claim or prosecution of the action").

concludes that the proposed settlements for Tiara Gordon and Christian Gordon[3] are fair and reasonable. Although the infants both received substantial damage awards from the juries, there is significant uncertainty as to whether they will be able to recover the full amounts of the awards in light of Allstate's arguments on coverage limitation. Aside from the risks related to resolution of this declaratory judgment action, counsel for the infants has considered the risks, expense and the delay associated with an appeal and concluded, as does this Court, that these proposed settlements are in the interests of the infants, and are reasonable.

B. <u>Investment and Maintenance of Minors' Funds</u>

With regard to the disposition of the settlement amounts for both Tiara and Christian Gordon, the balance of the settlement remaining after deducting for attorneys' and disbursements fees is to be deposited into a fully guaranteed annuity purchased by UBS Financial Services through Metropolitan Insurance Company.

Under the annuity purchased for Christian Gordon,[4] he will receive monthly payments of $3,482.14, beginning at age 18 for life, with a guaranteed monthly payout for 40 years. He will also receive four lump sum payments of $25,000 every five years beginning on his 18th birthday.

---

[3]Tiara Gordon was born on November 19, 1988 and will not become 18 for nearly two months. Christian Gordon is 14 years old, born on November 6, 1991. Since Christian and Tiara are under 18, the Court must pass on the fairness of the settlements proposed in their cases. Fatimah Gordon was born on April 29, 1987 and is 19 years old; Jermaine Powell was born on May 19, 1984 and is 22 years old; and Tyquan Powell was born on April 25, 1986 and is 20 years old. Given that Fatimah, Jermaine and Tyquan are over 18 years of age, the Court is not required to consider the fairness of their settlements. However, the Court has examined their settlements as instructive to the fairness of Tiara's and Christian's settlements.

[4]The remaining infants Jermaine, Tyquan and Fatimah have chosen to receive their settlement amounts in lump sum payments payable within 30 days of the date of this Order.

The total estimated life benefit to Christian Gordon is $2,941,851, with a guaranteed benefit of $1,771,442.

Under the annuity purchased for Tiara Gordon, she will receive monthly payments of $1,006.51 for five years beginning on her 18th birthday. The total payments will amount to $60,391. There shall be no access to any of the funds from either of these settlements until the infant reaches the age of 18.

Under these circumstances, this Court approves the proposed creation of an annuity on behalf of each of the infants Tiara Gordon and Christian Gordon as specified in the order since it serves to "best protect the interest of the infant." Local Civ. Rule 83.2(a)(3).

C. Attorneys' Fees

The final issue to be determined by this Court is the reasonableness of the attorneys' fees sought by the infants' counsel. Under N.Y. Judiciary Law § 474, the criterion for determining the appropriate amount of attorneys' fees to be awarded in the context of an infant compromise proceeding is "suitable compensation for the attorney for his service therein . . . [on] behalf of the said infant." See Werner v. Levine, 52 Misc. 2d 653, 655, 276 N.Y.S.2d 269, 271 (Sup. Ct. 1967). Although the infants' mother[5] has agreed to the amount of fees requested, "any agreement of the guardian is advisory only," Werner v. Levine, 52 Misc. 2d at 654-55, 276 N.Y.S.2d at 271, and "in the last analysis[,] the amount of the fee must be fixed by the court." Id. at 654, 276 N.Y.S.2d at 271.

---

[5]In the case of Jermaine, Tyquan and Fatimah, the Court reviewed the issue of fees with them and they have agreed that the amounts sought by counsel in each of their cases is fair and reasonable.

Counsel represented that in each case, the office of Thornton & Tanenhaus was originally retained to represent the infants and that the firm entered into a retainer agreement providing for fees of 33 1/3%. (Sugarman Aff. ¶ 2). Mr. Sugarman's firm, Wilentz, Goldman & Spitzer, P.C., was substituted for the original attorneys prior to trial. (Id.) It was agreed that counsel would receive 33 1/3% of the amount recovered on behalf of each infant plaintiff, plus costs. (Id.) Counsel collected records, conducted an investigation, prepared and filed the Complaint, participated in discovery, conducted numerous examinations before trial, consulted experts, engaged in settlement negotiations, and then trial, in state court, negotiated the settlement here, appeared at conferences with this Court, and drafted numerous papers, including the infant compromise proceeding and other settlement documents. (Id. ¶ 4). This Court finds that given the amount of work involved, the requested attorneys' fees of 33 1/3% is reasonable.

## CONCLUSION

Based upon a review of the submissions by counsel for the infants and by the infant plaintiffs' mother and guardian, this Court finds the proposed settlements for Tiara Gordon in the amount of $91,760 and for Christian Gordon in the amount of $1,032,400 are fair, reasonable and proper. In addition, based on the affirmation of counsel, coupled with counsel's representations on the record, this Court grants attorneys' fees in the amount of $53,354.27 from Tiara Gordon's settlement and $360,810.55 from Christian Gordon's settlement.

Counsel is ordered to finalize the necessary paperwork and payment is to be made to the other infants within 30 days of the date of this Order.

**SO ORDERED.**

Dated: Brooklyn, New York
September 21, 2006

_____
Cheryl L. Pollak
United States Magistrate Judge